## Special Teachers' Pay Increase

HERBERT COHEN, Attorney General, June 20, 1956. —You request advice concerning the constitutionality of that part of section 4 of the Act of June 1, 1956 (No. 656), which provides:

"Notwithstanding any other provision of the public school code of 1949 its amendments and supplements professional employes of all school districts and vocational school districts and temporary professional employes who have satisfactory ratings shall receive for the remainder of the school year 1955-1956 an increase in compensation of one hundred dollars ($100) in excess of that being paid for the school year 1955-1956 which shall not be considered to be a part of the regular salary of such employes for the school year 1956-1957 . . ."

This provision mandates an increase in compensation for the remainder of the 1955-56 school year to all professional employes of school districts even though such employes are under contract with the school districts to perform the required services for the compensation specified in their contracts of employment.

Section 11 of art. III of the Pennsylvania Constitution provides:

"No bill shall be passed giving any extra compensation to any public officer, servant, employe, agent or contractor, after services shall have been rendered or contract made, nor providing for the payment of any claim against the Commonwealth without previous authority of law: . . ."

Section 1101 (24 PS §11-1101) of the Public School Code of 1949, the Act of March 10, 1949, P. L. 30, as amended (hereinafter referred to as the "Code"), defines "professional employe" to include teachers and other specified employes.

The Supreme Court of Pennsylvania has clearly stated that school teachers are public employes having contracts of employment with the school districts by which they are employed: Teachers' Tenure Act Cases, 329 Pa. 213 (1938). Section 1121 of the code (24 PS §11-1121) sets forth a required form of employment contract for each professional employe having tenure. This form provides a blank space for the insertion of the professional employe's annual compensation and then contains a provision that:

". . . this contract shall continue in force year after year, with the right of the board of school directors (or board of public education) to increase the compensation over the compensation herein stated, from time to time, as may be provided under the provisions and proper operation of the established salary schedule, if any, for the school district, subject to the provisions of law, without invalidating any other provision of this contract . . ."

The contract is terminable by the employe upon 60 days' notice and by the school district for cause.

The provision that the contract shall continue in force year after year makes it clear that the professional employe is under contract for a one-year period with an automatic renewal each year, if the contract is not sooner terminated, for an additional year. Since

the renewal of a contract is in effect the making of a new contract, an employe's compensation may be increased for any renewal year as this will merely be setting forth the agreed upon compensation in the new contract. This procedure will not conflict with section 11 of art. III of the Pennsylvania Constitution. However, any attempt to increase a teacher's annual compensation after the commencement of a contract year clearly violates the prohibition of section 11 that:

"No bill shall be passed giving any extra compensation to any public . . . employe . . . after . . . contract made . . ."

See Harbold v. Reading, 355 Pa. 253 (1946).

We are therefore of the opinion, and you are accordingly advised, that that part of section 4 of the Act of June 1, 1956 (No. 656), set forth in your inquiry, is in conflict with article III, sec. 11, of the Constitution of Pennsylvania and any payment thereunder would be unlawful and void.